JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02124 RGK (JCx) | Date | May 7, 2014 |
|---|---|---|---|
| Title | *LAMON MITCHEM v. 3M COMPANY, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 29)

On February 13, 2014, Lamon Mitchem ("Plaintiff") filed a wrongful death asbestos action in state court against Metalclad Insulation Corporation ("Metalclad") and twelve other companies (collectively, "Defendants"). The Complaint alleges claims for Negligence, Strict Liability, False Representation, Intentional Tort, Premises Liability, General Liability - Premises Owner/Contractor, and Vicarious Liability. Plaintiff's claims arise out of the death of Carl Mitchem ("Decedent"). According to the Complaint, Decedent had worked as a tool room mechanic at several locations, including the Long Beach Naval Shipyard, Travis Air Force Base, and Watkins Products. Plaintiff alleges that during the course of Decedent's employment at these sites, Decedent was exposed to harmful amounts of asbestos. On June 22, 2013, Decedent died as a result of mesthelioma.

On March 20, 2014, Metalclad removed this case to federal court on the basis of federal enclave jurisdiction pursuant to 28 U.S.C §§ 1331, 1442(a), and 1446. Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court grants Plaintiff's Motion.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Generally, if there are several defendants in the action, all served defendants who properly may be joined in the removal notice must join or consent thereto. 28 U.S.C. § 1446(b)(2)(A). When fewer than all defendants have joined the notice of removal, the burden is on the removing defendants to explain the absence of the other defendants. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261,1266. Absent such explanation, removal notice is "facially deficient" and to avoid remand, the defect must be cured within the 30-day statutory period for removal. *Id.* The 30-day statutory period begins on the day the removing defendant has either been served, or has received, the first pleading that sets forth a removable claim. 28 USC § 1446(b)(2)(B).

Here, Metalclad was served with the complaint on February 18, 2014. (Notice of Removal at ¶ 2.) Therefore, the 30-day statutory period ended on March 20, 2014, the date Metalclad filed its Notice of Removal. At the time of removal, twelve of the named defendants had been served. Prior to removal, Metalclad obtained consent from all but one served defendant, Defendant Parker-Hannifin. In its Notice, Metalclad did not explain the absence of Parker-Hannifin's consent. In its opposition to the current motion, Metalclad states that consent had not been obtained, nor explanation provided, because its research had indicated that Parker-Hannifin was an unserved defendant. However, according to Plaintiff, Parker-Hannifin electronically filed an Answer in state court on March 18, 2014, two days prior to the date Metalclad filed its Notice of Removal. Metalclad does not dispute this fact. Nor does Metalclad contend that it did not receive notice of the filing, or otherwise have ready access to such information. While Parker-Hannifin has since consented to removal, it did not consent until April 10, 2014, twenty-one days after the 30-day statutory period had expired.[1] Because the Notice of Removal was facially defective and the deficiencies not cured within the 30-day statutory period, removal was improper. Metalclad failed to meet the removal requirements of 28 U.S.C. §1446(a), and therefore, remand is warranted.

The Court **GRANTS** Plaintiff's Motion to Remand, and orders the action remanded in its entirety for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                          :

**Initials of Preparer**

---

[1] Metalclad cites to *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F.Supp. 560, 562-63 (C.D. Cal. 1988), stating that the removal should be upheld because the delay in obtaining consent is a nonjurisdictional defect, and Plaintiff has not been prejudiced by the delay. The Court notes, however, that the *Hernandez* facts, which involved only a one day delay, are distinguishable.